IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRUSTEES OF THE LABORERS LOCAL UNION NO. 1174 PENSION FUND,** 6345 Flank Dr., Suite 600, Harrisburg, PA 17112<br><br>And<br><br>**TRUSTEES OF THE LABORERS LOCAL UNION NO. 1174 WELFARE FUND,** 6345 Flank Dr., Suite 600, Harrisburg, PA 17112<br><br>And<br><br>**TRUSTEES OF THE LABORERS LOCAL UNION NO. 1174 ANNUITY FUND,** 6345 Flank Dr., Suite 600, Harrisburg, PA 17112<br><br>And<br><br>**LABORERS LOCAL UNION NO. 1174** 465 Allentown Dr., Allentown, PA 18109<br><br>   Plaintiffs,<br>v.<br><br>**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** One Tower Square, Hartford, CT 06183<br><br>   Defendant. | **COMPLAINT**<br><br>**CIVIL ACTION NO.** |

## COMPLAINT

### (TO RECOVER AMOUNTS OWED ON PUBLIC WORKS PAYMENT BOND)

### PARTIES

1.   The Laborers Local Union No. 1174 Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3), (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declarations of Trust. The Pension Fund is administered at Gateway Corporation Center, Suite 600, 6345 Flank Dr., Harrisburg, Pennsylvania 17112. The Trustees of the Pension Fund are designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. The Laborers Local Union No. 1174 Welfare Fund ("Welfare Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. § 1002(3), (37). The Welfare Fund was established and is maintained according to the provisions of its Restated Agreement and Declarations of Trust. The Welfare Fund is administered at Gateway Corporation Center, Suite 600, 6345 Flank Dr., Harrisburg, Pennsylvania 17112. The Trustees of the Welfare Fund are designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The Laborers Local Union No. 1174 Annuity Fund ("Annuity Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. § 1002(3), (37). The Annuity Fund was established and is maintained according to the provisions of its Restated Agreement and Declarations of Trust. The Annuity Fund is administered at Gateway Corporation Center, Suite 600, 6345 Flank Dr., Harrisburg, Pennsylvania 17112. The Trustees of the Annuity Fund are designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Laborers Local Union No. 1174 ("Union") is an unincorporated labor organization, as that term is defined in Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). Laborers Local Union No. 1174 maintains an office at 465 Allentown Dr., Allentown, Pennsylvania, 18109.

5. The Pension Fund, Annuity Fund, and Welfare Fund may hereinafter be referred collectively as the "Benefit Funds."

6. Travelers Casualty and Surety Company of America ("Defendant Travelers") is a Connecticut corporation existing under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut, 06183.

7. Defendant Travelers is authorized to provide bonding and insurance in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the Plaintiffs and Defendant are citizens of different states, and supplemental jurisdiction for any state laws claims under 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the performance of work giving rise to this action occurred within Easton, Pennsylvania on the 4th Street Parking Garage Job, and Defendant Travelers issued a payment bond covering the 4th Street Parking Garage Job in Easton, Pennsylvania.

10. This Court has personal jurisdiction over Defendant Travelers because Defendant Travelers continuously operates in the Commonwealth of Pennsylvania and issued a Payment Bond pursuant to the Pennsylvania Public Works Contractors' Bond Law of 1967 for the Parking Garage Project located in Easton, Pennsylvania.

## COUNT I

**(AMOUNTS OWED TO PLAINTIFFS PURSUANT TO THE BOND)**

11. Plaintiffs hereby restate and incorporate by reference each of the prior paragraphs as if fully set forth herein.

12. On or about March 10, 2021, the City of Easton, Pennsylvania, entered into an agreement with Perrotto Builders, Ltd. for the construction and completion of a bonded project, located on 4th Street in Easton, Pennsylvania between Spring Garden Street and Church Street (hereinafter, "Parking Garage Project").

13. Pursuant to the above mentioned contract, Perrotto, as principal, and Defendant Travelers, as surety, executed and delivered a payment bond, Bond No. 107318765, in the sum of $13,527,000.00, conditioned upon the principal promptly making payments to all persons supplying labor and material in the prosecution of work on the Parking Garage Project. Attached hereto as Exhibit 1 is a copy of the payment bond.

14. The Parking Garage Project was subject to Section 193 of the Pennsylvania Public Works Contractors' Bond Law of 1967 ("Little Miller Act"), 8 P.S. § 193, and Bond No. 107318765 was issued by Defendant Travelers for the Parking Garage Project.

15. Perrotto employed Bean, Inc. ("Bean"), a Pennsylvania corporation located in Easton, Pennsylvania, as a subcontractor for the Parking Garage Project.

16. At all relevant times, Bean was and is signatory and bound to a Collective Bargaining Agreement with the Laborers Local Union No. 1174 and the Lehigh Valley Contractors Association. Pursuant to the Collective Bargaining Agreement, Bean was required to make payments to the Plaintiffs for each hour worked under the terms of the Agreement. A copy of the Collective Bargaining Agreement is attached hereto as Exhibit 2.

17. On or about March 30, 2021, Perrotto, Bean, and the Union became signatory and bound to a Project Labor Agreement ("PLA") covering the Parking Garage Project. Pursuant to the terms of the PLA, Bean was required to make contribution payments to employee benefit funds,

including the Plaintiff Benefit Funds, for each hour worked by its employees on the Project. A copy of the PLA is attached hereto as Exhibit 3.

18. Bean, Perrotto's subcontractor, employed employees covered by the Collective Bargaining Agreement and PLA, who worked approximately 4,482.50 hours on the Parking Garage Project. Attached as Exhibit 4 are true and correct copies of the Certified Payroll Records submitted by Bean detailing these hours.

19. Bean, Perrotto's subcontractor, failed to make required contributions to the Plaintiffs for the months of April 2023 through October 2023 in the amount of $93,255.95, pursuant to certified payroll records and contribution reports submitted by Bean to the Benefit Funds. Attached as Exhibit 5 is a chart provided by Bean detailing the amounts owed to the Plaintiffs for work on the Parking Garage Project from May 2023 through October 2023. Attached as Exhibit 6[1] is a chart detailing the amounts owed to Plaintiffs by Bean for work on the Parking Garage Project from April 2023 through October 2023.

20. On or about June 30, 2023, pursuant to 8 P.S. § 194(a), Plaintiffs forwarded written notice to Defendant Travelers and Perrotto of its claims on the payment bonds for unpaid contributions to the Plaintiffs for labor furnished on the Parking Garage Project. Plaintiffs duly served Defendant Travelers by certified mail, return receipt requested, and stated its claims with substantial accuracy and based on the information available to the Plaintiffs at the time, including the specific contractual amount claimed for each hour of work, the name of Bean as the party to whom the labor was furnished, and otherwise complied with the legal requirements of 8 P.S. § 194.

---

[1] Exhibit 6 contains a summary of hours worked by Bean's employees in April 2023. The contribution reports submitted by Bean, attached as Exhibit 5, did not separately list the April 2023 hours. Thus, Exhibit 6's summary of hours worked in April 2023 is based on the Bean's certified payroll record, which are attached as Exhibit 4.

5

21. At Travelers' request, and pursuant to 8 P.S. § 194, Plaintiffs subsequently forwarded additional information to Defendant Travelers regarding the specific amounts claimed on the payment bonds for unpaid contributions to the Plaintiffs for labor furnished on the Projects.

22. Defendant Travelers has denied liability under the bond because the underlying PLA purports to limit Perrotto's liability.

23. The terms of the underlying Project Labor Agreement, which was executed after the Bond was issued and does not reference the Bond, are irrelevant to Defendant Travelers' liability under the bond.

24. This Complaint has been filed more than ninety days after Plaintiffs' members furnished labor and within one year of Plaintiffs' members furnishing labor on the Project.

25. The last date of labor for which the claim is made was furnished on or about October 27, 2023.

**WHEREFORE**, Plaintiffs pray judgment against the Defendant Travelers in the amount of $93,255.95 in unpaid contributions for the period of April 2023 through October 2023, plus interest, attorneys' fees, and costs, and that this Court order Defendant Travelers to satisfy Plaintiffs' claim through the bonds posted.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE, LLP**

BY:   /s/ Tyler McCaffery
Tyler McCaffery, Bar No. 331571
325 Chestnut Street, Suite 600
Philadelphia, PA 19106
tmccaffery@odonoghuelaw.com
(215) 629-4970

*Attorney for Plaintiffs*

Dated: June 14, 2024